12-2917
Yang v. Holder

BIA
A094 925 425

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fourteen.

PRESENT:
>       ROBERT A. KATZMANN,
>               *Chief Judge,*
>       JON O. NEWMAN,
>       CHRISTOPHER F. DRONEY,
>               *Circuit Judges.*

_____

SHAI QUING YANG, AKA SAI QING YANG,
        *Petitioner,*

        v.                                    12-2917
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Adedayo O. Idowu, Law Offices of
                        Adedayo O. Idowu, PLLC, New York,
                        NY.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Douglas E.
                        Ginsburg, Assistant Director, Deitz

**P. Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shai Quing Yang, a native and citizen of China, seeks review of a June 25, 2012 decision of the BIA denying her motion to reopen her removal proceedings. *In re Shai Quing Yang*, No. A094 925 425 (B.I.A. June 25, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Yang's motion to reopen, filed in November 2011, was untimely because the BIA issued a final order of removal in March 2011.

2

Yang contends, however, that her recent membership in the China Democracy Party ("CDP"), and the Chinese government's awareness of her political activities in the United States, constitute materially changed conditions excusing her untimely motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

The BIA properly determined that Yang's political activities constituted changed personal circumstances, which are insufficient to excuse the untimely filing of her motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that the limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (concluding that the system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application").

Moreover, the BIA reasonably found that Yang's evidence does not compel the conclusion that the treatment of political dissidents in China has worsened since 2010. *See* 8 U.S.C. §1252(b)(4)(B) (the BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Rather, the evidence supports the BIA's finding that these conditions existed at the time of the merits hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

As to Yang's argument that the BIA's treatment of the letters from her father and the Public Security Bureau was erroneous, the weight accorded to evidence lies largely within the agency's discretion, *see Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006), and its determination that an unauthenticated letter from a family member should be accorded little weight was not an abuse of its discretion. *See Qin Wen Zheng v. Gonzales*, 500

4

F.3d 143, 149 (2d Cir. 2007) (finding that the BIA did not abuse its discretion in declining to credit a document supported only by a spouse's affidavit where the IJ had previously questioned the applicant's credibility); *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from interested witnesses not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Likewise, the BIA's treatment of the unauthenticated notice from the Public Security Bureau was not improper. Although the agency may err in rejecting a document solely based on the alien's failure to authenticate it according to the relevant regulations, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005), it does not err where, as here, its decision to reject documentary evidence is based in part on the fact that a document was not authenticated by any means, *see Qin Wen Zheng*, 500 F.3d at 146-49; *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. at 214-15

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

5

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk